UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAI LONG DU,

                                    Plaintiff,                    **MEMORANDUM &**
                                                                  **ORDER**

                    v.                                            23-CV-88
                                                                  (Marutollo, M.J.)
PARTY PERFECT RENTALS LLC, DEMARI R
KESLER,

                                    Defendants.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

This diversity action arises out of a motor vehicle accident that occurred on June 3, 2022.

*See* Dkt. No. 1-1 ("Compl.") ¶ 36.[1]  Plaintiff Hai Long Du ("Du") commenced this action against

defendants Party Perfect Rentals LLC ("Party Perfect") and Demari R. Kesler ("Kesler")

(collectively, "Defendants") alleging that Kesler, while acting in the scope of his employment for

Party Perfect, negligently operated a commercial truck and caused the parties' trucks to collide.

*Id.* ¶¶ 41, 49.  Du seeks to recover damages for his alleged serious injuries pursuant to New York

State's No-Fault Insurance Law § 5102(d).  *Id.* ¶ 49.

Plaintiff has moved for partial summary judgment on liability pursuant to Federal Rule of

Civil Procedure 56.  Plaintiff contends that Defendants violated New York Vehicle and Traffic

Law ("VTL") §§ 1128(a) and VTL § 1163(a) and that these violations were the sole proximate

cause of the accident.  For the reasons set forth below, the Court denies Plaintiff's motion.

---

[1] The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Du is a resident of
Queens, New York.  Compl. ¶ 1.  Kesler and Party Perfect are residents of New Jersey.  Dkt. No. 1 ¶ 4; *see
also* Dkt. No. 8 ¶ 6.  The amount in controversy exceeds $75,000.  Compl. 1 ¶ 56; *see also* Dkt. No. 8 ¶ 5.

## **FACTUAL BACKGROUND**

The following facts are drawn from the parties' statements of material facts submitted pursuant to Local Civil Rule 56.1 (Dkt. Nos. 27-3, 31) and the materials submitted in connection with the motion (Dkt. Nos. 27, 29, and 30). The facts are undisputed unless otherwise indicated.

The accident occurred on June 3, 2022 on Lexington Avenue in Manhattan near the intersection of East 67th Street. Dkt. No. 27-3 ¶ 1, 4; Dkt. No. 31, at 1. At the time of the accident, Du operated a commercial vehicle on behalf of his employer, and Kesler drove a box truck on behalf of his then-employer, Party Perfect. Dkt. No. 27-3 ¶ 1-2, 8; Dkt. No. 31, at 1-3; Dkt. No. 27-7, at 48:19-49:23. At all relevant times, Kesler acted within the scope of his employment at Party Perfect. Dkt. No. 27-3 ¶ 1; Dkt. No. 31, at 1.

Lexington Avenue is a one-way street with two lanes for moving traffic and one bus lane. Dkt. No. 27-3 ¶ 3; Dkt. No. 31, at 1. On the date of the accident, Du was driving in the middle lane on Lexington Avenue, while Kesler was driving in the far-left lane behind two Party Perfect vehicles that were driving ahead of him in the left lane. Dkt. No. 27-3 ¶¶ 2-3; Dkt. No. 31, at 1; Dkt. No. 27-7, at 91:7-11.

At a certain point, while driving on Lexington Avenue, Kesler attempted to merge from the left lane into the middle lane where Du was driving, and in the process of doing so, Du and Kesler's trucks came into contact with each other. Dkt. No. 27-3 ¶ 4; Dkt. No. 31, at 2; Dkt. No. 27-7, at 88:3-18. According to Du, Du's vehicle was traveling between 15 and 20 miles per hour at the time of the first contact between the two vehicles. Dkt. No. 27-3 ¶ 7.

The remaining facts are sharply disputed by the parties.

According to Du, Kesler attempted to merge into the middle lane without first ensuring that there was enough room to safely change lanes. *See* Dkt. No. 27-1 ¶ 4; Dkt. No. 27-4, at 16.

2

Du further argues that the accident "occurred just past the intersection at East 67th Street."  *See* Dkt. No. 27-1 ¶ 4.

Defendants, in contrast, contend that Kesler took several precautionary measures prior to merging, including turning his blinker on, looking in his rearview mirrors, stopping his truck, and signaling to Du that he was trying to merge into the middle lane by pointing to the right.  Dkt. No. 27-7, at 88:3-89:21.  Kesler testified that he looked at Du, lifted his right arm above his head, and Du shook his head.  *See id*.  Defendants claim that Du acknowledged Kesler's hand signal by nodding his head in approval and beginning to slow down.  *Id.* at 101:12-17, 104:2-6, 105:20-25.  Kesler then, believing he had enough room to merge, started to "creep out" into the middle lane when Du suddenly increased his speed and drove up, resulting in the parties' trucks making contact with each other.  *Id.* at 105:20-25, 107:10-15.  Kesler claims that Du "went to top speed and came up to the lane [Kesler] was going to turn into" right before the crash occurred.  *Id.* at 90:14-16.

## PROCEDURAL HISTORY

Du filed his complaint against Defendants on December 14, 2022 in the Supreme Court of the State of New York, Queens County.  *See generally* Compl.  Defendants filed an answer where they denied all liability for the accident and asserted affirmative defenses, including a defense for comparative negligence.  *See* Dkt. No. 1-2.  On January 6, 2023, Defendants removed the action to this court on diversity jurisdiction grounds.  *See* Dkt. No. 1.[2]

---

[2] The parties have not addressed whether the Eastern District of New York is a proper venue for this action. Under 28 U.S.C. § 1391(b), "a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  "Unlike subject-matter jurisdiction, the right to attack venue is personal to the parties and waivable at will."  *SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, No. 18-CV-8408 (VEC) (BCM), 2020 WL 6323938, at *7 (S.D.N.Y. July 30, 2020) (cleaned up), *report and recommendation adopted*, 2020 WL 5253515 (S.D.N.Y. Sept. 3, 2020); *see also* Fed. R. Civ. P.

On December 4, 2023, the parties consented to magistrate judge jurisdiction for all future proceedings in this action.  *See* Dkt. Nos. 18, 19.

On January 23, 2024, Du moved for partial summary judgment on the issue of liability. *See* Dkt. No. 27.  In support of his motion, Du submits: (1) a declaration from his counsel (Dkt. No. 27-1); (2) his own sworn declaration (Dkt. No. 27-2); (3) a statement of undisputed material facts pursuant to Local Civil Rule 56.1 (Dkt. No. 27-3); (4) a memorandum of law (Dkt. No. 27-4); (5) a proposed order (Dkt. No. 27-5); (6) excerpts from his deposition transcript (Dkt. No. 27-6); (7) excerpts from Kesler's deposition transcript (Dkt. No. 27-7); (8) a 78-second video recording of the accident captured from his dashcam[3] (Dkt. No. 27-8); and (9) photos of his truck after the accident (Dkt. No. 27-9).  On February 26, 2024, Defendants filed their opposition to Du's motion, which consists of: (1) a declaration from Defendants' counsel (Dkt. No. 29); (2) a memorandum of law in opposition (Dkt. No. 30); and (3) their response to Du's Local Civil Rule 56.1 statement (Dkt. No. 31).  On March 5, 2024, Du filed a reply memorandum of law.  Dkt. No. 32.

## **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 56, a court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317,

---

12(h)(1) (defense of improper venue is waived if not raised in a responsive pleading or a Rule 12 motion). Here, by not objecting to venue in the Eastern District of New York, the parties have waived any objections to the appropriateness of venue in this district. *See SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, 2020 WL 6323938, at *7 (holding that the parties waived any objections to the appropriateness of venue by not raising any objection to venue).

[3] The parties do not dispute that the video came from Du's dashcam or that it is a true and accurate depiction of the accident.  Dkt. No. 27-3 ¶ 11; Dkt. No. 31, at 1; *see also* Dkt. No. 27-6, at 72:24-73:12; Dkt. No. 27-7, at 152:20-26.

322-23 (1986). "In other words, a court should grant summary judgment to a party if the facts in the record could not support any outcome other than victory for that party." *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) (Sullivan, J.)

"In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). "Material" facts are facts that "might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (1986) (internal quotations omitted). If the movant meets this burden, the nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). But if the movant fails to meet its initial burden of production, the motion will fail even if the nonmovant does not submit any evidentiary matter to establish a genuine factual issue for trial. *See BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677-78 (2d Cir. 1997).

In reviewing the motion, the Court must view the evidence in the light most favorable to the nonmovant and must draw all reasonable inferences in favor of that party and "eschew

credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal citation omitted); *see also Anderson*, 477 U.S. at 255 ("[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"Summary judgment is difficult to obtain in negligence actions because whether conduct is 'negligent' is a factual determination in all but the most extreme situations." *Ortiz v. Rosner*, 817 F. Supp. 348, 350-51 (S.D.N.Y. 1993) (citing *INA Aviation Corp. v. United States*, 468 F. Supp. 695, 699 (E.D.N.Y. 1979) ("As a general proposition, negligence questions are properly resolved at trial because, upon a motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried."), *aff'd*, 610 F.2d 806 (2d Cir. 1979)).

## DISCUSSION

Where jurisdiction is based upon diversity, the court must apply the substantive law of the forum state. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994)). Because this is a diversity action asserting a negligence claim, New York law applies. *See MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 604 (S.D.N.Y. 2016).

Under New York law, a torts plaintiff "seeking to prove a defendant's negligence must show "(1) the existence of a duty []; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 330 (E.D.N.Y. 1998) (To establish negligence under New York law, a plaintiff must show

6

that: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of the breach.") (citing *Solomon v. City of N.Y.*, 66 N.Y.2d 1026, 1027 (1985)).   "The symmetry is clear: absent a duty, there is no breach and, without a breach, there is no liability." *Vogel v. W. Mountain Corp.*, 470 N.Y.S.2d 475, 476 (1983) ("whether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of the case.").   A "defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury." *Dooley*, 83 F.4th at 162 (citing *Mazella v. Beals*, 27 N.Y.3d 694, 706 (2016) (internal quotations omitted)).

In New York, the VTL defines the duties of motorists, and "[a] violation of the [VTL] constitutes negligence as a matter of law." *Dooley*, 83 F.4th at 163 (citing *Desio v. Cerebral Palsy Transp., Inc.*, 121 A.D.3d 1033, 1034 (2d Dep't 2014)).   New York law "impose[s] a duty upon drivers to operate their vehicles with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." *Vaselli v. United States*, No. 12-CV-06221, 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014) (Bianco, J.) (citation omitted). "This longstanding duty requires drivers to maintain a reasonably safe rate of speed, have the automobile under reasonable control, to keep a proper lookout under the circumstances then existing to see and be aware of what was in their view, and to use reasonable care under the circumstances to avoid an accident." *Id.*  (citation omitted).

"[W]hen a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) it causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard that caused the plaintiff's injury." *Id.* (internal citations

omitted).  VTL § 1128(a) states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  VTL § 1163(a), in turn, prohibits a driver from "mov[ing] [a vehicle] right or left upon a roadway unless and until such movement can be made with reasonable safety[.]"  Together, these provisions impose a duty upon drivers to operate their vehicles "within a designated lane, to signal prior to changing lanes or turning, and to change lanes or turn only when it is safe to do so . . . and to see that which [he] should have seen by the proper use of [his] senses."  *Guerrero v. Loiacono*, No. 19-CV-6239 (KAM) (SJB), 2023 WL 5443481, at *7 (E.D.N.Y. Aug. 24, 2023) (internal quotations and citations omitted).  A plaintiff who establishes that the defendant violated VTL § 1128(a) or VTL § 1163(a) has a cause of action for negligence *per se*.  *See Vaselli*, 2014 WL 4961421, at *4 ("[A] violation of the VTL constitutes negligence *per se*").

Here, Du argues that he is entitled to partial summary judgment on liability because the undisputed evidence shows that the sole and proximate cause of the accident was Defendants' violation of VTL §§ 1128(a) and 1163(a).  Dkt. No. 27-4, at 15-16.  Du argues that his deposition testimony, Kesler's testimony, and the dash-cam video establish that Kesler, while acting within the scope of Party Perfect's employment, violated the VTL by merging into the middle lane when Du had the right of way and without making sure that he had enough space to safely merge.  *Id.*

Defendants, however, assert that Kesler took several measures to determine that he could safely merge into the middle lane, including by putting his blinker on, signaling with his right hand that he intended to merge, and observing Du nod his head in approval.  Dkt. No. 27-7, at 101:12-17, 104:2-6, 105:20-25.  Then, according to Kesler, Du, out of nowhere, increased to "top speed," and the vehicles made contact.  *Id.* at 105:20-25, 107:10-15.

8

Because there are genuine disputes as to the material facts surrounding the moments leading up to the accident, Du is not entitled to partial summary judgment on liability.  In support of their diverging accounts of what occurred at the time of the accident, the parties primarily point to conflicting deposition testimony from Du and Kesler, respectively.  But "sharp conflicts of evidence regarding the circumstances of a vehicle collision present questions of fact and credibility that properly belong to the jury." *Guerrero*, 2023 WL 5443481, at *7 (denying summary judgment in a motor vehicle accident case where the parties' deposition testimony presented conflicting accounts as to how the accident occurred); *see Son v. Lockwood*, No. 07-CV-4189 (JMA), 2008 WL 5111287, at *5 (E.D.N.Y. Nov. 26, 2008) (denying partial summary judgment on liability due to conflicting evidence about the moments leading up to the subject accident).

Du argues that the Court should nonetheless reject Kesler's testimony as "incredible as a matter of law" because the dashcam video proves that "Kesler's version of how the accident unfolded is physically impossible."  Dkt. No. 27-4, at 8.  Du argues that the video shows that "there is no point in which Defendant Kesler's vehicle is in front of Plaintiff Du's vehicle, even in the slightest, that would allow Defendant Kesler to make any signals through his rearview mirror." *Id.* at 18.

Du's argument on this point is unavailing.  The video, if admissible, is not sufficient to resolve all genuine disputes of material fact.  As Defendants point out, the "issue in dispute is what happened *inside* [Du's] vehicle immediately before the accident occurred, or more specifically, whether [Du] acknowledged [Kesler's] intention to change lanes."  Dkt. 30, at 6 (emphasis in original).  The video depicts the front view of Du's truck, but it does not show the *inside* of Du's truck or whether Du acknowledged Kesler's intent to change lanes by nodding his head in approval.  In fact, the video does not show Du at all.  It may be that the video, viewed in conjunction

with the parties' testimony, bears significant weight at trial on the relative credibility of the versions of events offered by Du and Kesler.  But it does not  establish summary judgment on behalf of Du.[4]

Moreover, contrary to Du's assertion, whether Kesler's truck was in front of Du's truck right before the accident is not dispositive of Defendants' liability.  A reasonable juror could believe Defendants' version of events, namely, that Kesler indicated his intent to merge and Du nodded in approval but then sped up, striking Defendants' truck.  Thus, in contrast to *Scott*, the video does not "utterly discredit" Kesler's testimony, and the Court therefore declines to adopt the version of events set forth in the video for the purposes of this motion.  *See Scott*, 550 U.S. at 380 (holding that the lower court should have adopted the version of events depicted in the videotape evidence, and not the version presented by Harris, where the video clearly contradicted Harris's version of the story); *see also Davis v. Murphy*, No. 12-CV-3297 (PGG), 2018 WL 10070524, at *5 (S.D.N.Y. Sept. 24, 2018) ("The mere existence of a videotape in the record depicting some or all of the events in dispute is not . . . dispositive, however.  While video evidence submitted by the parties should certainly be considered and carefully reviewed, summary judgment is appropriate only where the video evidence in the record is sufficient to 'blatantly contradict' one party's versions of events." (cleaned up)).

Du has also not established that Kesler has violated VTL § 1128(a) or VTL § 1163(a) pursuant to his argument alleging negligence *per se*.  Indeed, the cases cited by Du (*see* Dkt. No. 32) to support a grant of summary judgment are distinguishable from the instant case and are not dispositive here.  In *Mora v. Branker*, 223 A.D.3d 624, 625 (1st Dep't 2024), the New York State Supreme Court, Appellate Division, First Department, affirmed the entry of partial summary

---

[4] Indeed, as Defendants note, Du does not reply on an accident reconstruction or biomechanics expert as part of his motion for summary judgment.  *See* Dkt. No. 30, at 5-6.

judgment on liability in a motor vehicle accident case based on the defendant driver's testimony that he did not see the plaintiff's car prior to the collision and did not know where plaintiff's car came from.  Finding that this evidence was sufficient for plaintiff to meet its initial burden of production, the court went on to find that defendants failed to offer any nonnegligent explanation for the collision sufficient to raise an issue of fact.  *Id.*  In the portion of the decision emphasized by Du, which pertains to the defendants' affirmative defense of comparative fault, the court explained its rationale for finding unpersuasive the defendants' contention that plaintiff's vehicle and the bus simultaneously merged and that plaintiff cut the driver off.  *Id.* The court reasoned that this testimony was nothing but "mere speculation" considering the driver's deposition testimony. *Id.*

Here, however, the issue before the Court is not whether Defendants have established their affirmative defense for comparative fault.  Indeed, in stark contrast to *Mora*, this Court need not analyze the viability of this defense because Du did not meet his initial burden of proving that Defendants violated the VTL due to Kesler making an unsafe lane change.

Du's citations to *Pichardo v. Irizarry*, 215 A.D.3d 504, 504 (1st Dep't 2023) and *Guerrero v. Milla*, 135 A.D.3d 635, 636 (1st Dep't 2016) are inapposite for the same reasons.  In both cases, the court held that the plaintiff was entitled to partial summary judgment on liability because the plaintiff met its initial burden of production on summary judgment and the defendants failed to offer a non-negligent excuse for the accident sufficient to raise an issue of fact.  *See Pichardo*, 215 A.D.3d at 504; *Guerrero*, 135 A.D.3d at 636.  Here, again, the record does not establish as a matter of law that Kesler made an unsafe lane change in violation of New York law, and thus, the Court need not reach the issue of whether Defendants offered a non-negligent excuse for the accident.

Accordingly, the Court finds that Du has failed to meet his burden of demonstrating that there are no genuine issues of material fact and that he is entitled to partial summary judgment on liability.  The unresolved factual disputes discussed above are best reserved for determination by a jury.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for partial summary judgment on liability is DENIED.  As set forth in the Court's February 22, 2024 Order, the trial in this action will commence with jury selection on April 22, 2024.  The parties shall comply with the pre-trial deadlines set forth in the February 22, 2024 and March 16, 2024 orders.

SO ORDERED.

Dated:      Brooklyn, New York
            March 19, 2024

_/s/ Joseph A. Marutollo_
JOSEPH A. MARUTOLLO
United States Magistrate Judge

12